J-S30001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| EMANUELE CASSANI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OLGA SOFIA KARNIAK | |
| Appellant | No. 1012 EDA 2022 |

Appeal from the Order Entered April 14, 2022
In the Court of Common Pleas of Montgomery County
Family Court at No.: 2019-20404

BEFORE:  STABILE, J., MCCAFFERY, J. and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.                    **FILED NOVEMBER 22, 2022**

Appellant, Olga Sofia Karniak ("Mother"), appeals from an order dated April 14, 2022, permitting Appellee, Emanuele Cassani ("Father"), to travel with their child ("Child") to Italy from August 24, 2022 to September 7, 2022. Mother contends that Father intends to abscond with Child to Italy and never return.  On September 7, 2022, however, Father and Child returned to the United States.  Accordingly, we dismiss Mother's appeal as moot.

Father is from Italy, and Mother is from Belarus.  In 2019, Father filed a divorce action against Mother.  Mother and Father then filed cross-complaints seeking custody of Child.  The Family Court consolidated the custody actions under one docket number, No. 2019-20404.  On January 14, 2020, the court entered a custody order that provided, *inter alia*, that Child

---

[*] Retired Senior Judge assigned to the Superior Court.

would have a valid United States passport and that Father would not obtain an Italian passport for Child. The order did not prohibit either parent from traveling internationally with Child.

On October 25, 2021, Mother filed a petition to modify the custody order to suspend international travel due to her concern that Father would take Child to Italy and never return. Father opposed Mother's petition and filed his own petition to modify the custody order. The parties negotiated new terms to the custody arrangement which the court memorialized in an order dated March 30, 2022. The order did not amend the portion of the January 14, 2020 order permitting Father to travel to Italy. The order further provided that the court would hold a status call on April 13, 2022.

Prior to the status call, Father submitted a proposed plan to the court seeking permission to travel with Child to Italy from August 24, 2022 until September 7, 2022. During the status call on April 13, 2022, counsel for the parties discussed this travel plan with the parties. On April 13, 2022, the court signed the order approving the travel plan. On April 18, 2022, Mother filed a *pro se* notice of appeal from the April 13, 2022 order. Both Mother and the Family Court complied with Pa.R.A.P. 1925.

Mother filed a motion in this Court to stay the April 13, 2022 order pending the outcome of this appeal. On June 27, 2022, this Court stayed the April 13, 2022 order and ordered Father to post $50,000.00 as security, noting that he admitted making threats in the past that he would abscond with Child to Italy. Our order stated that the stay of the April 13, 2022 order would be

removed when Father informed us that he had posted security, and that Father could move for return of security upon Child's return to the United States with Father on September 7, 2022.

Father posted a $50,000.00 bond in the lower court. On July 20, 2022, this Court removed the stay of the April 13, 2022 order and reiterated that Father could move for return of security upon Child's return to the United States with Father on September 7, 2022.

On September 20, 2022, Father filed an application in this Court seeking return of security. Father averred that Child and Father returned to the United States on September 7, 2022. Mother did not file an answer to Father's application. On October 31, 2022, this Court entered an order directing return of all security posted by Father.

Mother raises the following issues in her *pro se* appellate brief:

I. Has the trial Court (Judge Wendy Demchick-Alloy) erred and/or grossly abused its discretion, committed an error of law and legal procedures by ignoring the due process, specifically, pursuant to 42 Pa C.S.A. §2501(a) which states, inter alia, that: "In all civil matters bcfore any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them" whereas in this case, no such complete opportunity to be heard and testify was given to the Mother since the hearing was held off-the-record and she was not allowed to participate in the Status Conference on April 13, 2022?

II. Has the Court erred and/or abused its discretion, on April 13, 2022, made the haste and hurried decision, improperly accepting the proposed order, solely based on the only *ex parte* e-mail of April 12, 2022 sent from the Opposing Party's Attorney to the Court, that wasn't part of the record, instead of "an agreed upon order"? The Court clearly outlined "an agreed upon order" and

- 3 -

not any unilateral order as the method of doing pursuant to the order of March 30, 2022 docketed on Seq. 120. (Exhibit "I").

III. Has the Court erred and/or abused its discretion, during [the] April 13, 2022 conference, by ignoring any and all previously submitted pretrial statements and detailed proposed order by the Mother which included a great concern that the Father will abduct the child internationally? No consideration nor any wait was given to Mother's petition in regards to her concern raised in filings. In fact, the Court abused its discretion and ignored the Statutory rule which the Court should upheld, Pa R.C.P. 1915.9, which states that "No judgment may be entered by default or on the pleading."

IV. Has the Judge abused her discretion, violated and erred the law of 23 Pa C.S.A § 5323(d) that states: "Reasons for award. -- The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order, " and R.C.P 1915.10(a), which states: "The court shall state the reasons for its decision on the record in open court or in a written opinion or order." This Court had erred and grossly abused its discretion by intentionally violated this statutory rule and legal requirement in a proceeding where custody determination was at stake. Appellate courts had previously stated that this rule cannot be violated, rejected or ignored by the trial courts, and this court did, and ignored R.C.P 1915.10(b)(2), which states "... child is a risk of harm... " by ignoring Mother's raised fully concerns of child risk of international abduction of said child?

V. Has the trial Court abused its discretion and committed an error of law and legal procedures by issuing a default and not upon agreement Order on April 13 and denied Mother's Parental and Constitutional rights?

VI. Has the Trial Court abused its discretion and demonstrated bias against the Mother by making an interlocutory order on March 30, 2022 the Final Order by withholding the ability for the Mother to object the international travelling provision holding the Status Conference of April 13, 2022 off the record, as such intentionally denying Mother's Parental and Constitutional rights?

VII. Does the "Record" not support the conclusion of the Judge?

Mother's Brief at 9-11.

"As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *In Re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2001). Importantly, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so." *Bailer v. Bailer*, —A.3d—, 2022 WL 2255941, *2 (Pa. Super., June 23, 2022)[1] (citing *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)).

Applying these precepts, we conclude that Mother's appeal is moot. All of Mother's arguments boil down to the thesis that the Family Court's order was an abuse of discretion because Father intended to abscond to Italy with Child and never return. Father, however, returned from Italy to the United States with Child on September 7, 2022, the date specified in the April 14, 2022 order. Thus, Mother's appeal has become moot due to an intervening change in the facts—Father's complete compliance with the April 14, 2002 order. "[T]here is nothing for us to remedy, even if we were disposed to do so." *Bailer*, *supra*.

For these reasons, we dismiss Mother's appeal as moot.

---

[1] We cite *Bailer* for its persuasive value pursuant to Pa.R.A.P. 126(b), which authorizes us to cite this Court's unpublished non-precedential memorandum decisions filed after May 1, 2019 for their persuasive value.

Appeal dismissed. Mother's November 10, 2022 application for relief denied.[2]

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022

---

[2] In her application, Mother claims again that Father is intending to travel to Italy with Child. Mother has filed a motion in Family Court to preclude this trip. A hearing on Mother's motion has been scheduled before the Family Court for November 22, 2022. Mother asks this Court to enjoin Father's trip pending its decision in this appeal. Having dismissed this appeal as moot, we deny Mother's application for relief without prejudice to her right to raise any objections to Father's trip before the Family Court. We take no position on any issues that Mother elects now to raise below.